JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Mark C. Brown,                )       No. CV 11-1016-PHX-JAT (MHB)
                              )
    Petitioner,           )       **ORDER**
                              )
vs.                           )
                              )
Paul R. Babeau,               )
                              )
    Respondent.           )
_____)

Petitioner Mark C. Brown (A035-104-809), who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* Petition for Writ of Mandamus or in the Alternative Writ of Habeas Corpus or Petition for Review (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will grant leave to proceed *in forma pauperis* and dismiss the Petition for lack of jurisdiction.

On March 25, 1977, Petitioner entered the United States as a lawful permanent resident. On February 4, 2011, at a hearing before an Immigration Judge (IJ), Petitioner "accept[ed] removal without reserving [the right] to appeal." Doc. 1 at 2. He was ordered to be removed to India or Great Britain. Although he affirmatively waived his right to appeal, on March 4, 2011, he filed an appeal to the Board of Immigration Appeals (BIA) claiming that he is a citizen of the United States. On April 21, the BIA dismissed his appeal. On May 23, 2011, Petitioner filed a petition for review with the United States Court of Appeals for the Ninth Circuit. Anderson v. Mukasey, No. 11-71458 (9th Cir.). The petition for review is still pending in the Ninth Circuit. In his Petition pending before this Court, he also claims that his removal order is invalid because he is a citizen of the United States.

1 Under 8 U.S.C. § 1252(a)(5), as amended by the REAL ID Act, 119 Stat. 231 (2005), 2 the exclusive means for obtaining review of an order of removal is a petition for review filed 3 in the appropriate court of appeals.  8 U.S.C. § 1252(a)(5).  Moreover, the Ninth Circuit has 4 specifically held that § 1252(a)(5) strips the district courts of jurisdiction over challenges to 5 removal orders on the ground that the petitioner is a citizen of the United States.  <u>Iasu v.</u> 6 <u>Smith</u> 511 F.3d 881, 888 (9th Cir. 2007).  Such claims may only be presented in a petition 7 for review filed with the appropriate court of appeals.  <u>Id.</u>  Accordingly, the Court lacks 8 jurisdiction to entertain Petitioner's challenge to his removal order.

9 Subsection 106(c) of the REAL ID Act provides that if a petition "challenging a final 10 administrative order of removal . . . **is pending in a district court on the date of enactment**, 11 then the district court shall transfer the case . . . to the [appropriate] court of appeals." REAL 12 ID Act §106(c) (emphasis added).  This action, however, cannot be transferred under 13 § 106(c) of the REAL ID Act because it was not pending in this Court on the date of 14 enactment.  <u>See</u> <u>Iasu</u>, 511 F.3d at 888-89.  Additionally, Petitioner's petition for review is 15 already pending before the Ninth Circuit.  Accordingly, the Petition will be dismissed for 16 lack of jurisdiction.

17 **IT IS ORDERED:**

18 (1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc 2) is **granted**.

19 (2) Petitioner's Motion to Show Cause (Doc. 5) is **denied** as moot.

20 (3) The Petition and this action are **dismissed**.  The Clerk of Court must enter 21 judgment accordingly.

22 DATED this 30th day of August, 2011.

James A. Teilborg
United States District Judge